*862 OPINION.
Lansdon:
From the facts set forth above it seems clear that the petitioner was neither organized nor operated for profit. Its only receipts came by requisition from the National Board of Fire Underwriters and any excess' of receipts over disbursements was deducted in arriving at future estimates. It is difficult for us to see how such operations could result in the receipt of income, which has been defined by the Supreme Court as the gain derived from capital, from labor, or from both combined; something of exchangeable value, proceeding from the property, severed from the capital, however invested or employed, and received or drawn by the recipient for his separate use, benefit, and disposal. Eisner v. Maeomiber, 252 U. S. 189.
The petitioner was merely an agent through which the National Board of Fire Underwriters carried out one of its functions requiring the expenditure of money which was furnished to the petitioner. We are of the opinion that the petitioner was not in receipt of taxable income and that respondent erroneously determined the deficiency involved.

Decision will be entered for the fetitioner.